SAWTELLE *versus* JEWELL & LOWELL & al.

An arrest on mesne process, upon contract, is allowed only upon the taking of an oath as specified in R. S. c. 148, § 2.

The oath will not authorize an arrest, unless it show that the debtor was " about to depart *and reside beyond the limits of this State ;*"—
   nor unless it show, that he was about to " take with him property or means exceeding the amount required for his own immediate support ;" —
   nor unless it show, that the sum due to the plaintiff amounted to " at least ten dollars."

For want of a sufficient service upon one of two or more defendants, sued jointly on promise, the writ will be abated as to all.

If such defect in the service be apparent upon the record, advantage of it may be taken on motion without plea.

ON REPORT from the *District Court*, RICE, J.

ASSUMPSIT. At the date of the writ, the defendants all resided in this State. The service upon Lowell was made by arresting his body and holding him to bail. Upon the other defendants the service was admitted to have been legally made.

On the back of the writ is the following certificate of the oath, made by the creditor to authorize the arrest : —

"Kennebec, ss. Nov. 12, 1849. — Then personally appeared Hezekiah Sawtelle, the creditor within named, and made oath, *that* the amount or principal part of the debt claimed by him, the said Sawtelle, the creditor, as within said, is actually due and unpaid. And *that* he has sufficient reason to believe and does believe, that William Lowell, one of the debtors, within named, is about to *exchange his place of residence and go beyond the limits of the State,* with property or means exceeding the amount required for his immediate support."

On the return term, defendants appeared by attorney, and moved that the writ be quashed.

The motion was founded on alleged insufficiencies in the oath taken by the creditor : — 1st, that it did not show that the debtor was "about to depart and *reside* beyond the limits of the State ;" 2d, that it did not show, that he was about to " take with him property or means, exceeding the amount required for his own immediate support ;" and 3d that it did not show, that the " sum due to the plaintiff, amounted to at least ten dollars."

By consent of parties the case was reported to the S. J. Court for a legal decision.

*J. S. Abbott,* in support of the motion.

*Morrell, contra.*

Howard, J. — Arrests of persons on mesne process, on contracts, are authorized in this State, only when the creditor, his agent or attorney, shall have previously made oath for the purpose, according to the requirements of the Revised Statutes, c. 148, § 2. The oath of the creditor, in this case, is defective in not stating that the debtor, who was arrested, was " about to depart and reside beyond the limits of this State, and to take with him property or means, exceeding the amount required for his own immediate support." The arrest was, therefore, unauthorized, and unlawful.

For want of sufficient service on one of the defendants, as joint promisors, the writ must be abated as to all ; and this may be done on the motion founded on matters apparent upon the record.

The second and third objections were well taken, and are conclusive. *Bramhall* v. *Seavy,* 28 Maine, 45.

*Motion sustained, and the writ abated.*

Shepley, C. J., and Tenney, Wells, Rice and Appleton, J. J., concurred.